RACHEL JULAGAY
Assistant Federal Defender
Federal Defenders of Montana
Great Falls Office
104 2nd Street South, Suite 301
Great Falls, Montana 59401
rachel_julagay@fd.org
Phone: (406) 727-5328
Fax: (406) 727-4329
    Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLARD WILSON WHITE III,<br><br>Defendant. | Case No. CR-18-97-GF-BMM<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR POSTPONEMENT OF TRIAL AND FOR EXTENSION OF ALL DEADLINES**<br><br>[Speedy Trial Act, 18 U.S.C. §3161(h)(1) Excludable Time: Unknown] |

**Memorandum of Points and Authorities**

**I.    Introduction**

The Defendant, Willard Wilson White III, is charged, with one (1) count of Wire Fraud in violation of Title 18 U.S.C. § 1343, one (1) count of Theft from an Indian Tribal Organization in violation of Title 18 U.S.C. § 1163 and one (1) count

of Income Tax Evasion in violation of Title 26 U.S.C. § 7201 and Criminal Forfeiture in accordance with Title 18 U.S.C. §§ 981(a)(1) and 982, and Title 28 U.S.C. § 2461(c). He faces a potential sentence of twenty years on Count I, five (5) years on Count II and five (5) years on Count III, respectively. Counts I and II allegedly occurred on or about July of 2015, and continuing thereafter until on or about October of 2015. Count III allegedly occurred on or about February 10, 2016.

Mr. White was charged by Indictment on November 16, 2018. Mr. White was arraigned before United States Magistrate Judge John T. Johnston on December 18, 2018, and plead not guilty. (Doc. 6). He was released pending the outcome of his case. The case is set for trial on February 19, 2019. (Doc. 9). After being fully informed of the nature of this motion, Mr. White has specifically requested a continuance of his case.

A great deal of investigation needs to be conducted in order to fully prepare for trial. The Government has produced over 700 pages of discovery and eight (8) audio interviews. The Defense team is still gathering information on potential witnesses and must interview them in preparation for trial. The work that needs to be undertaken to properly investigate and prepare this case for trial cannot be accomplished within the current schedule. The factual issues attending the allegations of the case are sufficiently complex as to require additional time for analysis and preparation – both of potential motions and for trial – within the time

limits imposed by the Speedy Trial Act.

## II. Legal Analysis

The Speedy Trial Act generally requires that a case must be brought to trial within 70 days of a defendant's initial appearance before a judicial officer. 18 U.S.C. § 3161(c)(1). However, the Act does provide a long list of periods of delay that are to be excluded in computing the time within which a trial must commence. *See generally*, 18 U.S.C. § 3161(h). Two (2) of the grounds set forth in § 3161(h) are relevant to this Motion: delay resulting from the filing of any pretrial motions and delay resulting from a continuance granted by a judge on the basis of his findings that the ends of justice served by taking the action outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(1)(F) and § 3161(h)(8).

The Speedy Trial Act also allows for delay when necessitated by the "ends of justice". Under § 3161(h)(8)(A), a trial court may exclude any period resulting from a continuance beyond the limits of the Speedy Trial Act on a finding that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." A continuance can be granted on this ground on the judge's own motion or at the request of the defendant or his counsel or the attorney for the government. In granting a continuance under this subsection the court should consider the factors set forth in § 3161(h)(8)(B). Among the factors that the court is to consider are: whether failure to grant the continuance would be likely to make

continuation of the proceedings impossible or cause a miscarriage of justice; whether the case is so unusual or so complex that adequate preparation could not be had within the usual time limits; and, whether failure to grant the continuance in a case, which taken as a whole, is not so unusual or complex, would deny counsel for the defendant or the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The trial court must set forth "reasonably explicit findings" orally or in writing when excluding time under § 3161(h)(8)(A). *United States v. Perez-Reveles*, 715 F.2d 1348, 1351 (9th Cir. 1983).

Failure to grant this continuance would likely cause a miscarriage of justice. Without the opportunity to conduct additional investigation, as discussed above, it is highly doubtful that Mr. White will be able to sufficiently confront the evidence against him resulting in a miscarriage of justice and the denial of a fair trial. The case presents issues and requires investigation and research which can not be accomplished by the current trial setting or other currently scheduled deadlines.

### III. Conclusion

As a consequence of the issues discussed above, additional time is required to allow counsel to prepare this matter for trial. Mr. White prays that the Court will vacate the Trial date and extend all deadlines to allow additional time for pretrial investigation and trial preparation. The Defendant requests an order declaring the ends of justice will be served and outweigh the best interest of the public and the

Defendant in a speedy trial, and that the case is extended and complex and that trial be postponed for at least 45 days from its current setting of February 19, 2019, and that all deadlines be adjusted accordingly. The additional time requested in this Motion is necessary to an effective defense. Moreover, a continuance, if granted, would be fully justified under the terms of the Speedy Trial Act of 1974. Accordingly, Mr. White, respectfully requests that the Court grant this Motion and continue his trial at least 45 days from the current trial date of February 19, 2019, and extend all deadlines in this case.

    RESPECTFULLY SUBMITTED this 10th day of January, 2019.

                                      /s/ Rachel Julagay

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Memorandum in Support of Defendant's Unopposed Motion for Postponement of Trial and Extension of All Deadlines is in compliance with Local Rule 7.1(d)(2)(as amended).  The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 959, excluding tables and certificates).

DATED this 10th day of January, 2019.


/s/ Rachel Julagay

CERTIFICATE OF SERVICE
L.R. 5.2(b)

I hereby certify that on January 10, 2019, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-ECF |
| ____ | Hand Delivery |
| 3 | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. RYAN G. WELDON
   Assistant United States Attorney
   United States Attorney's Office
       Counsel for the United States of America

3. WILLARD WILSON WHITE III
       Defendant

                                           /s/ Rachel Julagay