RACHEL JULAGAY
Assistant Federal Defender
Federal Defenders of Montana
Great Falls Office
104 2nd Street South, Suite 301
Great Falls, MT 59401
E-mail: rachel_julagay@fd.org
Phone: (406) 727-5328
Fax: (406) 727-4329
    Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLARD WILSON WHITE III,<br><br>Defendant. | Case No. CR-18-97-GF-BMM<br><br>**DEFENDANT'S TRIAL BRIEF** |

COMES NOW Defendant, Willard Wilson White III, by and through his counsel of record, Rachel Julagay, Assistant Federal Defender and the Federal Defenders of Montana, and hereby submits his Trial Brief in this matter.

**I.     The Charges**

Mr. White has been charged by way of Indictment with Wire Fraud, in violation of Title 18 U.S.C. § 1343, Theft from an Indian Tribal Organization, in violation of Title 18 U.S.C. § 1163, and Income Tax Evasion, in violation of Title 26

U.S.C. § 7201.

## II. Anticipated Evidentiary Issues

A. The Surplusage in the Indictment Should be Stricken and not Read to the Jury

Federal Rules of Criminal Procedure 7(c)(1) requires the indictment "be a plain, concise and definite written statement of the essential facts constituting the offense charged." Upon motion by a defendant, the "may strike surplusage from the indictment." Fed. R. Crim. P. 7(d). Such a motion is intended to "protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988).

The indictment, as written, and as proposed to be read to the jury during instruction, contains considerable surplusage that is both prejudicial and inflammatory, and far beyond what is necessary to state the bare charges, elements, or even basic supporting facts against Mr. White. In particular, the inclusion of reference to specific places the money was spent, is both prejudicial and inflammatory

Specifically, in the Government's Proposed Jury Instruction No. 15, Mr. White objects to all language from the words "Count I of the Indictment (Wire Fraud) charges as follows:" to the words "Count I," at the top of page 21. Mr. White additionally objects to all language after the words "scheme and artifice," and beginning with the words "Embezzlement of Youth Diversion Program Money." Mr.

White does not object to the paragraph on page 22, beginning with "The Interstate Wire Communications."

For the Government's Proposed Instruction No. 19, Mr. White objects to everything after "personal expenses," and beginning with the words "including spending" until the words "all in violation of 18 U.S.C. § 1163." The listing of specific, potentially prejudicial locations at which the money was spent is unnecessary to state concisely the charge or underlying factual basis and risks greater prejudice against Mr. White.

The Government is, of course, free to argue that these facts support the charges in its closing arguments. However, having these allegations read to the jury as though they constitute fact, and furthermore read by the court, could inadvertently convey to the jury that these facts, and the support they provide for the charges, are true, as well as causing the jury to become prejudiced against Mr. White prior to beginning their deliberations.

    B.    Admission of Evidence of Mr. White Claiming Dependents Would Constitute a Constructive Amendment to the Indictment and Would Fail to Insure A Unanimous Jury Verdict

<u>Factual Background</u>

Mr. White is charged in Count III with Income Tax Evasion, in violation of Title 26 U.S.C. § 7201. The Indictment as to this charge states, in relevant part, that

Mr. White "stated that his taxable income for the calendar year was the sum of $0, when in truth and in fact, as he then and there knew, his taxable income for the calendar year was substantially in excess of the amount stated on the return, and, upon the additional taxable income, a substantial additional tax was due and owing to the United States of America, all in violation of 26 U.S.C. § 7201." No additional, facts are provided to support this charge in the indictment.

The government intends to present evidence of two distinct factual bases at trial, in support of Count III: (1) That Mr. White failed to report the $40,000 received from the tribe to implement the Youth Diversion program as income, and (2) That Mr. White claimed a dependent he was not legally entitled to claim. In addition, the government intends to present evidence that Mr. White attempted to file tax returns claiming other dependents, but that these claims were rejected.

Argument

Two separate, but equally important, constitutional rights of Mr. White's are implicated by the failure of the indictment to set forth both bases on which the government intends to present evidence to prove a violation of Title 26 U.S.C. § 7201, Income Tax Evasion: (1) the Fifth Amendment right to only be held to answer for a crime of which he has previously been indicted by a grand jury, and (2) the Sixth Amendment right to trial by jury, and specifically, a unanimous jury verdict.

A criminal defendant's right to be "held to answer" only for a crime of which he has previously been indicted by a grand jury is guaranteed by the Fifth Amendment to the United States Constitution. *United States v. Mastelotto*, 717 F.2d 1238, 1248 (9th Cir. 1983) (citing *Ex parte Bain*, 121 U.S. 1, 7 (1887); *United States v. Pazsint*, 703 F.2d 420 (9th Cir. 1983); *Edgerton v. United States*, 143 F.2d 697, 699 (9th Cir. 1944). Once an indictment has been returned, its charges "may not be broadened through amendment- - whether it be by physical alteration, jury instruction, or bill of particulars- - except by the grand jury." *Pazsint* at 423.

A criminal defendant also has a right to a unanimous jury verdict, as guaranteed by Article III, §2, and the Sixth Amendment to the United States Constitution. *Mastelotto* at 1247-48. This requirement demands not only agreement that the defendant participated in *some* scheme to defraud, but moreover, "unanimous agreement that the defendant participated in one particular fraudulent scheme." *Id*.

While a court may correct typographical or clerical errors in the indictment, the court may *not* alter the crime charged through an instruction that "changes the conduct that must be found as a necessary element of the offense from the conduct set forth in the indictment, for we cannot be certain that the grand jury would have indicted on the altered basis." *United States v. Mastelotto*, 717 F.2d 1238, 1248 (9th Cir. 1983) (citing *Stirone v. United States*, 361 U.S. 212 (1959), and others). In other

words, a defendant "cannot be convicted of a count charging participation in a fraudulent scheme *Y* where the grand jury indicted based on his participation in a fraudulent scheme *X*, even if the schemes themselves overlap or are concentric." This is because we cannot assume the grand jury would have indicted based on the differing scheme presented to the petit jury. *Id*.

In *Mastelotto*, the court reversed the convictions of the defendants for two reasons: (1) the failure to instruct the jury that it had to agree unanimously on the same single scheme to defraud, and (2) the failure to instruct the jury that they had to find the specific scheme charged in the indictment as opposed to simply finding that the defendant had participated in "*a* scheme." The prejudice suffered from the second failure was to the defendants' rights to "be convicted only of those charges for which they had previously been indicted by a grand jury." *Id* at 1250-51.[1] And the prejudice suffered by the defendant as to the first failure was the deprivation of the right to the guarantee of a unanimous jury verdict.

The indictment returned by the grand jury states only that Mr. White incorrectly declared his taxable income. The term "taxable income" is a technical term that defies easy, or commonly known, definition. Indeed, the definition for what

---

[1] The two schemes at issue in *Mastelotto* were a scheme to mislabel oil as virgin when it was in fact re-refined and sell it as such through the defendants' corporations, and two, to sell the corporations marketing this oil for a price of sale based on the fraudulently increased profits from selling the mislabeled oil.

constitutes "taxable income" provided on the IRS website is of considerable length.[2] And while it may be presumed that, depending on the presentation of evidence, the grand jury could return a charge of Tax Evasion based on a failure to declare the $40,000 from the tribe, the same cannot be said of the grand jury's ability to intuit that the improper claiming of dependents was included in the failure to accurately declare taxable income.

In stark contrast to the other counts contained in the Indictment, the Tax Evasion count contains no additional, specific factual guidance to the Grand Jury on what is meant by the failure to correctly state taxable income; i.e. what specific scheme the Government claims constituted the Tax Evasion. And it certainly makes no reference to improperly claiming dependents, as reducing Mr. White's taxable income. Left with only the words of the indictment, without more, and the lack of definition of the term "taxable income," the indictment does not make clear that the specific factual basis for the Tax Evasion charge is improper claiming of dependents.

It is anticipated the Government will argue that the claiming of dependents reduced Mr. White's taxable income, in addition to the first basis, the failure to claim the $40,000 as income. Because the indictment does not indicate the claiming of dependents as a specific factual basis for this charge, it cannot be known, whether the

---

[2] https://www.irs.gov/publications/p525.

grand jury elected to return a charge of Tax Evasion against Mr. White based on (1) the failure to declare the $40,000 received from the tribe, (2) claiming dependents he was not legally entitled to claim, or (3) both bases. And it cannot be a subject of speculation that the grand jury would have returned a charge of tax evasion based on either, or both, of these bases.

Because Mr. White is entitled to a trial *only* on those charges returned by the grand jury, permitting the Government to argue the improper claiming of dependents as a factual basis for the charge would constitute a constructive amendment of the Indictment, which references only a failure to accurately declare taxable income. In other words, due to the vagary of the indictment on this point, we cannot be assured Mr. White would be proceeding to trial based only on those charges returned by the grand jury, should the Government be permitted to argue the improper claiming of dependents as a basis for this charge.

Unanimous Jury Verdict

Finally, admission of evidence of the improper claiming of dependents *in addition to* the failure to declare the $40,000 from the tribe as income would result in Mr. White not being assured of a unanimous jury verdict, as he is clearly entitled under the Sixth Amendment to the United States Constitution. That is because there will be no way of knowing, as the charge is currently framed, whether the jury agrees

unanimously on the act underlying the alleged tax evasion, should they choose to find Mr. White guilty of that charge, whether the scheme supporting the tax evasion is the improper claiming of dependents, *or* the failure to declare the $40,000 from the tribe.

As in *Mastelotto*, where evidence was presented at jury trial of multiple schemes to support the fraud, and the jury was not instructed it had to agree, not just on a *single* scheme, but the single scheme alleged in the indictment, permitting evidence of the improper claiming of dependents would result in deprivation of Mr. White's right to a unanimous jury verdict because there would be no guarantee, if the jury were to convict, that unanimity existed as to the scheme underlying the Tax Evasion.

    C.    Admission of the Previous Rejected Tax Returns Constitutes 404(b) Evidence, and No Notice was Provided of Proffered 404(b) Evidence

Federal Rules of Evidence 404(a) provides that generally, "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Evidence of crimes, wrongs, or other acts may, however, be admissible in accordance with the strictures of Rule 404(b). Such evidence may be admissible to prove, not character, but for another purpose, such as to prove motive, opportunity, intent, plan, knowledge, or other purposes. However, notice must be provided of intent to produce such evidence at trial.

The Government proposes to admit evidence that Mr. White, in addition to improperly claiming dependents on his taxes, also attempted to file five tax returns claiming different dependents that were rejected because, it was discovered, those dependents were already claimed by another.

The only possible relevance of this evidence, which is not the subject of any charge against Mr. White, is either to prove propensity to commit the charged crime of Tax Evasion, which is prohibited character evidence, or for some other, as yet unarticulated purpose pursuant to Rule 404(b). As no such notice has been provided, Mr. White objects to admission of this evidence as untimely, or in the alternative irrelevant pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

Furthermore, such evidence is, as always, subject to the balancing test of Rule 403, and the probative value of the evidence of attempted and rejected tax returns, is substantially outweighed by the danger of prejudice to Mr. White. The expectation that the jury will treat this evidence as anything other than impermissible propensity evidence, even with the aid of a limiting instruction, is unrealistic given the overlap between these acts and the charged act of Tax Evasion.

### III.   Conclusion

For the reasons herein, we respectfully request the Court's consideration of the Anticipated Evidentiary Issues.

RESPECTFULLY SUBMITTED this 3rd day of June, 2019.

/s/ Rachel Julagay

### CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 2,249 excluding tables and certificates).

DATED this 3rd day of June, 2019.

/s/ Rachel Julagay

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, a copy of the foregoing document was served on the following persons by the following means:

  1, 2      CM-ECF
   3        Mail

1. CLERK, U.S. DISTRICT COURT

2. RYAN G. WELDON
   Assistant United States Attorney
      Counsel for the United States

3. WILLARD WILSON WHITE III
      Defendant

/s/ Rachel Julagay