

**FILED**

JUN 1 0 2019

Clerk, U.S. District Court
District Of Montana
Great Falls

RYAN G. WELDON
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, Suite 300
Great Falls, MT 59403
Phone: (406) 761-7715
FAX: (406) 453-9973
Email: Ryan.Weldon@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-97-GF-BMM |
| Plaintiff, | PLEA AGREEMENT |
| vs. | Rule 11(c)(1)(A) & (B), *Federal Rules of Criminal Procedure* |
| WILLARD WILSON WHITE III, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Ryan G. Weldon, Assistant United States

Attorney for the District of Montana, and the defendant, Willard Wilson White III,

and the defendant's attorney, Rachel Julagay, have agreed upon the following:

AUSA   DEF   ATTY   06/07/19 Date

Page 1

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charge:** The defendant agrees to plead guilty to count I in the indictment, which charges wire fraud, in violation of 18 U.S.C. § 1343. Count I carries a maximum term of imprisonment of 20 years, a $250,000 fine, up to three years supervised release, and a $100 special assessment. The defendant will also plead guilty to count III in the indictment, which charges income tax evasion, in violation of 26 U.S.C. § 7201. Count III carries a maximum term of imprisonment of five years, a $250,000 fine, costs of prosecution, and three years of supervised release.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss the forfeiture allegation and count II in the indictment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by:

- Rule 11(c)(1)(A) & (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, the

forfeiture allegation and count II of the indictment; and b) makes the recommendations provided below.  The defendant understands that if the agreement is accepted by the Court, and count II and the forfeiture allegation are dismissed, there will not be an automatic right to withdraw the plea, even if the Court does not accept or follow the recommendations made by the United States.

*Restitution for the Fort Peck Tribe*

The defendant agrees to be responsible for complete restitution.  18 U.S.C. § 3663(a)(3).  The United States estimates the total amount of restitution owed to the Fort Peck Tribe is $40,000.00.

*Restitution to the Internal Revenue Service*

In exchange for the considerations granted the defendant by this agreement, the defendant agrees to the entry of a restitution order that includes restitution as set forth in this paragraph, pursuant to 18 U.S.C. § 3663(a)(3).

(a)    The defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $18,050.00, upon verification of the amount of the refunds received, pursuant to 18 U.S.C. § 3663(a)(3).

(b)    The defendant agrees that the total amount of restitution reflected in this paragraph results from the defendant's fraudulent conduct, whether

or not fraudulent intent, or similar specific intent element, is included in the count
or counts of conviction.

        (c)    The total amount of restitution consists of the following:

| Tax Year | Unreported Income | Tax as Shown on Return | Amount Previously Refunded | Tax as Adjusted | Tax Due and Owing |
|---|---|---|---|---|---|
| 2015 | $40,000.00 | $0.00 | ($5,860.00) | $5,825.00 | $10,184.00 |
| 2017 | | $366.00 | ($8,360.00) | $1,831.00 | $7,866.00 |
| **Total Restitution:** | | | | | **$18,050.00** |

        (d)    The defendant agrees to pay restitution as ordered by the Court
in any restitution order entered pursuant to this plea agreement.

        (e)    The defendant agrees that the defendant will sign any IRS
forms deemed necessary by the IRS to enable the IRS to make an immediate
assessment of that portion of the tax and interest that the defendant agrees to pay as
restitution. The defendant also agrees to sign IRS Form 8821, "Tax Information
Authorization."

        (f)    The defendant agrees not to file any claim for refund of taxes or
interest represented by any amount of restitution paid pursuant to this agreement.

        (g)    The parties understand that defendant will receive proper credit,
consistent with paragraph (c) above, for the payments made pursuant to this
agreement. Except as set forth in the previous sentence, nothing in this agreement
shall limit the IRS in its lawful examination, determination, assessment, or

collection of any taxes, penalties, or interest due from the defendant for the time periods covered by this agreement or any other time period.

      (h)    The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties owed to the IRS for the time periods covered by this agreement or any other time period.

      (i)    The defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the Clerk of Court at the following address:

> Clerk of Court
> U.S. District Court
> 125 Central Avenue W.
> Great Falls, MT 59404

      (j)    With each payment to the Clerk of the Court made pursuant to the Court's restitution order, the defendant will provide the following information:

- The defendant's name and Social Security number;
- The district court docket number assigned to this case;
- Tax year(s) or period(s) for which restitution has been ordered; and,
- A statement that the payment is being submitted pursuant to the district court's restitution order.



AUSA    DEF    ATTY    Date                        Page 5

The defendant agrees to include a request that the Clerk of the Court send the information, along with the payments, to the appropriate office of the Internal Revenue Service.

(k)     The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

> Internal Revenue Service – RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

(l)     The defendant understands that the defendant is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to the defendant's particular liability.

4.     **Admission of Guilt:**  The defendant will plead guilty to wire fraud as charged in count I of the indictment.  In pleading guilty to count I of the indictment, the defendant acknowledges that:

> First, the defendant knowingly participated in, devised, and intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

AUSA        DEF        ATTY        Date                                    Page 6

**Second**, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

**Third**, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and,

**Fourth**, the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

The defendant will plead guilty to income tax evasion as charged in count III of the indictment. In pleading guilty to count III of the indictment, the defendant acknowledges that:

**First**, the defendant owed more federal income tax for the calendar year 2015 than was declared due on the defendant's income tax return for that calendar year;

**Second**, the defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return;

**Third**, the defendant made an affirmative attempt to evade or defeat such additional tax; and,

**Fourth**, in attempting to evade or defeat such additional tax, the defendant acted willfully.

5.    **Waiver of Rights by Plea:**

(a)    The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

---

AUSA        DEF        ATTY        Date                    Page 7

(b)    The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)    The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial.  The United States must also consent and the Court must approve a non-jury trial.

(d)    The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)    If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

AUSA      DEF      ATTY      Date                     Page 8

(g)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

AUSA        DEF        ATTY        Date                                    Page 9

(k)    If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6.    **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility.

7.    **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.    **Waiver of Appeal of the Sentence – General:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence,

AUSA    DEF    ATTY    Date    06/07/19

including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

9. **Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

10. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.



AUSA    DEF    ATTY    Date             Page 11

11.    **Detention/Release After Plea:**  The United States agrees that it will

not move for detention, but will defer to the discretion of the Court the decision as

to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and

whether the defendant has clearly shown exceptional reasons why detention is not

appropriate.  18 U.S.C. § 3145(c).  The United States is obligated to advise the

Court of the appropriate legal standards that relate to the defendant's eligibility for

post-conviction release.  The defendant acknowledges that obligation and

understands that advising the Court as to the law and facts is not an abrogation of

its agreement not to request remand.

12.    **Non-prosecution:**  The United States has contacted the Western

District of Washington, and, in exchange for the guilty pleas in the District of

Montana, the Western District of Washington has agreed not to prosecute the

defendant for (1) tax charges on his 2017 federal income tax return signed on

February 17, 2018, and (2) fraud charges for the $26,000 in the WSECU account

ending in 0718, and that spans from January 1, 2017, to March 15, 2017.

13.    **Breach:**  If the defendant breaches this plea agreement, at any time, in

any way, including but not limited to appealing or collaterally attacking the

conviction or sentence, the United States may prosecute the defendant for any

counts dismissed or not charged pursuant to this plea agreement.  Additionally, the

United States may use any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

**14.    Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

RYAN G. WELDON
Assistant U.S. Attorney
Date: 6/7/19

WILLARD WILSON WHITE III
Defendant
Date: 06/07/19

RACHEL JULAGAY
Defense Counsel
Date: 6/7/19